IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEDRO ANGLON | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-222ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reason stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2005, I served a copy of the within Government's Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Pedro Anglon
Reg. No. 05149-070
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEDRO ANGLON | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-222ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

The Petitioner, Pedro Anglon, files this motion pursuant to 28 U.S.C. § 2255. Anglon was one of four defendants named in a six-count indictment. He was charged in four of the counts with trafficking in 3,4-methylenedioxymethamphetamine. (Cr. No. 01-129ML). He pleaded guilty to the four counts on May 5, 2002. After several days of sentencing hearings, Anglon was sentenced on September 5, 2002 by this Court to 135 months imprisonment, three years supervised release, and a $400 special assessment. Anglon appealed from the judgment, raising issues of relevant conduct and role in the offense. In an unpublished decision, the Court of Appeals denied his appeal on February 25, 2004. United States v. Anglon, 88 Fed. Appx. 428, 2004 WL 345701 (1st Cir. (R.I.)). The mandate issued on March 17, 2004.

While his direct appeal was pending, Anglon filed a § 2255 motion. On April 9, 2003, this Court denied the petition without prejudice to filing a new § 2255 petition after resolution of his direct appeal (C.A. No. 02-0533ML)

Argument

Anglon obviously realizes that the one-year period of limitations within which to file his § 2255 petition expires on June 17, 2005. In an attempt to fall within the jurisdictional period, Anglon files a patently inadequate motion and terms his filing a "Placeholder" motion, relying on Lovasz v. Vaughn, 134 F.3d 146 (3rd Cir. 1998). Essentially, Anglon is telling the Court that this § 2255 motion should toll the running of the limitation period until he can marshal his facts, legal authorities and arguments necessary to file a proper and adequate motion.

In Lovasz, the petitioner was convicted of murder. His direct appeal was denied. Lovasz filed two post-conviction relief petitions which wound their way through the Pennsylvania trial and appellate courts. The petitions were denied. Lovasz then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court dismissed the petition as time-barred under 28 U.S.C. § 2244(d)(2). The Third Circuit reversed, noting that § 2244(d)(2) states that the time during which an application for state post-conviction relief is pending is not counted towards the period of limitation.

Lovasz is inapplicable to Anglon. Anglon is not a prisoner in state custody. Nor has he alleged that he filed any state post-conviction relief applications. Further, the

limitation period of § 2255 does not contain a tolling provision for state post-conviction relief applications similar to that found in § 2244.

Further, Anglon fails to explain why, more than fourteen months after the mandate was issued by the First Circuit Court of Appeals, he cannot submit a timely filing. While he cites to "problems researching the files and records of the case", he doesn't explain the nature of these problems.

The Court should find that Anglon's "placeholder" motion holds nothing. The filing by Anglon should be treated as a § 2255 motion, and the Court should rule on its merits. As several circuits have noted, when determining whether a motion has been properly named, the courts look to the subject matter of the application, not the label placed upon it by the movant/petitioner. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir . 1997); Tyler v. United States, 929 F.2d 451, 453 (9th Cir. 1991); Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987).

With respect to the merits of the § 2255 motion, Anglon states numerous grounds for relief.

Anglon argues that his counsel rendered ineffective assistance of counsel at the change of plea hearing (Ground 1). He does not set forth the facts and law of which counsel failed to advise him. He claims he would have entered a binding plea. However, no such plea agreement was offered, and Anglon fails to show that such a

plea agreement would have been offered by the government and that the Court would have accepted such an agreement.[1]

Anglon argues that his counsel gave ineffective assistance by failing to move to suppress evidence or seek dismissal of the indictment (Ground 2). Anglon's counsel did move to suppress evidence, but later withdrew the motion. No motion to dismiss the indictment was filed. Anglon does not specify the grounds or the facts which counsel should have put forth. Nor does he identify those grounds and facts which would have required the Court to dismiss the indictment and suppress the evidence. Considering that Anglon's charges arose from face-to-face meetings with an undercover Special Agent of the Drug Enforcement Administration, the government can readily understand why Anglon cannot identify credible grounds and facts.

Anglon contends that at his sentencing, his counsel failed to investigate, failed to present evidence, and failed to object to evidence (Ground 3). He does not state what the investigation would have shown. Nor does he set forth the evidence which should have been presented or to which objection should have been made.

Anglon contends his counsel should have moved for a guidelines downward departure (Ground 4). He does not specify the grounds or the facts which might support a downward departure.

Anglon argues that his counsel rendered ineffective assistance of counsel at sentencing and on appeal, denying him Due Process and his Sixth Amendment right

---

[1] It is counsel's experience that this Court rarely, if ever, accepts a binding plea.

(Ground 5). He does not advise the Court of those facts which he claims should have been alleged in the indictment and admitted by him.

Anglon argues that his counsel on direct appeal gave ineffective assistance by failing to investigate, to present the strongest issues, and to preserve issues for collateral review (Ground 6). He leaves the Court to guess what these issues might be.

Anglon contends that his counsel had a direct conflict of interest (Ground 7), but once again, leaves this Court totally in the dark as to the nature of the conflict.

Anglon argues that the cumulative errors justify relief (Ground 8). As to what these errors are, he fails to so state.

Anglon argues that his Fifth and Sixth Amendment rights were violated because his sentence was based upon facts neither alleged in the indictment nor admitted by him (Ground 9). He fails to specify these facts.

Anglon contends that his Fifth Amendment Due Process right, as secured by United States v. Booker, 125 S.Ct. 738 (2005), was denied (Ground 10). Anglon fails to specify any facts supporting this claim.

Finally, Anglon argues that his conviction and sentence violates the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution (Ground 11). He does not elaborate on this statement.

Because Anglon merely states his claims and does not support them with a recitation of facts, a statement of the applicable law, and an analysis of the law as it applies to his facts, the government is unable to address his claims. This Court is in

exactly the same position. The various ground put forth by Anglon should be summarily denied.

To the extent that any of Anglon's claims raise a Booker argument, those claims should be denied for the following additional reason. The Booker rule cannot be invoked until such time as the Supreme Court holds that it is retroactively applicable. Munoz v. United States, 331 F.3d at 51, 153 (1st Cir. 2003).

In Schriro v. Summerlin, 124 S.Ct. 2519, 2522-23 (2004), the Court held that Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), announced a new procedural rule which did not apply retroactively on collateral review. Ring applied Apprendi to hold that aggravating factors that made a defendant eligible for the death penalty under Arizona law must be found by a jury, not by the judge at sentencing. The Court concluded in Summerlin that Ring was properly classified as procedural, rather than substantive, because it did not alter the range of conduct punishable by death in Arizona; instead, it simply changed the procedure for determining whether the defendant engaged in that conduct. Schriro v. Summerlin, 124 S. Ct. at 2523-2524.

Even before the Supreme Court's decision in Summerlin, the courts of appeals had uniformly held that the rule announced in Apprendi is a procedural rule for purposes of Teague retroactivity analysis. See, e.g., United States v. Swinton, 333 F.3d 481, 488-489 (3d Cir. 2003); Sepulveda v. United States, 330 F.3d 55, 62 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 83-84 (2d Cir. 2003); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); United States v. Brown, 305 F.3d 304, 309 (5th Cir. 2002); Curtis v.

United States, 294 F.3d 841, 843 (7th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-1219 (10th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664, 668 (9th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256 (11th Cir. 2001); United States v. Moss, 252 F.3d 993, 997-998 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 147 (4th Cir. 2001).

As the Booker decision is based upon the decision issued in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Booker reasoning should not be applied to matters on collateral review.

Conclusion

The petition should be dismissed as premature.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2005, I served a copy of the within Government's Memorandum In Support of Its Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Pedro Anglon
Reg. No. 05149-070
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804-1000