UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PEDRO ANGLON :
:
vs. : C.A. No. 05–222-ML
:
UNITED STATES :

**ORDER**

Pedro Anglon has filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. After review of the record and the papers filed in support of the motion, that motion is denied, for the reasons that follow.

BACKGROUND AND TRAVEL

On May 15, 2002 Anglon pled guilty to one count of conspiring to distribute 3,4-methylnedioxymethamphetamine ("ecstasy") in violation of 21 U.S.C. § 846 and three counts of possessing with intent to distribute ecstasy in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1] He was sentenced to 135 months imprisonment, followed by three years supervised release and required to pay a $400 special assessment.

Anglon appealed from his conviction, challenging the Guideline calculations used in his sentence and raising issues of relevant conduct and role in the offense.[2] The Court of Appeals affirmed his conviction on February 25, 2004, United States v. Anglon, 88 Fed. Appx. 428 (1st Cir. 2004). He did not petition for certiorari from the U.S. Supreme Court.

[1] Three co-defendants – Felix Ramone Martinez, Juan Paulino and Oscar Jansen – were also convicted of the same or similar offenses; their convictions are not pertinent here.

[2] While his direct appeal was pending, Anglon filed a § 2255 motion in this Court. See Pedro Anglon v. United States, CA 02-533-ML. On April 9, 2003, this Court denied that petition as premature, without prejudice to filing a new § 2255 petition after resolution of his direct appeal.

On May 23, 2005 Anglon filed the instant motion to vacate pursuant to § 2255. The motion purports to set forth a number of claims, including claims of ineffective assistance of counsel (1) in connection with his guilty plea; (2) in failing to consider and move for the suppression of evidence material to his conviction; (3) in connection with the sentencing process (4) due to an (unspecified) conflict of interest on the part of his counsel; and (5) on appeal. He further claims that he was prejudiced by the cumulative deficiencies and errors of his counsel during the entire plea, sentencing and appeal proceedings. In addition, Anglon claims that his criminal proceedings violated his constitutional rights under the First, Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution. Finally, Anglon raises a claim under United States v. Booker, 543 U.S.–, 125 S.Ct. 738 (2005) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). All of these claims are set forth in conclusory fashion and contain no supporting facts or detail.

Along with the motion to vacate, Anglon filed a Motion for Leave To File [an] Amended Motion pursuant to 28 U.S.C. § 2255 "upon the completion of his legal and factual investigation relative to the motion." See Motion for Leave to File Amended Motion pursuant to 28 U.S.C. §2255 (Doc. #2) at 1. This motion stated that "due to problems researching the files and records of the case, [Anglon] has been unable to review and include all facts relevant to the claims set forth in [his initial] Placeholder Section 2255 motion" and that he would "have the opportunity to conclude review of the files and records with the next 30 days." Id. at 2.[3] This Court granted the motion and allowed Anglon until July 22, 2005 to file an amended motion. See Order dated

---

[3] Anglon's original motion to vacate was filed at or near the expiration of the one-year limitations period for §2255 motions, apparently in order to avoid missing the filing deadline. See 28 U.S.C. § 2255, para. 6.

June 23, 2005 (Doc. #5).

Anglon failed to file any amended motion to vacate within the specified time, nor has any further motion been filed to date. The Government has filed a response to the original motion to vacate. Accordingly, this Court will proceed to consider and rule upon Anglon's original motion to vacate, as filed.

## DISCUSSION

Section 2255 of Title 28 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185, 99 S.Ct. 2235 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotations omitted).

As recognized by a number of courts, including the First Circuit, "allegations [in a habeas or § 2255 motion] that are so evanescent or bereft of detail that they cannot reasonably be investigated (and, thus, corroborated or disproved) do not warrant an evidentiary hearing" and

may be summarily dismissed. David v. United States, 134 F.3d 470, 478 (1st Cir. 1998).[4] Put another way, a § 2255 motion to vacate may be summarily denied if it merely asserts "... contentions which are wholly incredible, or cognizable claims stating conclusions without specific and detailed supporting facts." United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1987), citing Machibroda v. United States, 386 U.S. 487, 495-96 (1962). See also United States v. Zannino, 895 F.2d 1, 17 (1st Cir.) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."), cert. denied, 494 U.S. 1082, 110 S.Ct. 1814 (1990). See also Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The motion must . . . (2) state the facts supporting each ground . . .").

Measured against the foregoing principles, Anglon's motion to vacate fails at the threshold. Each and every claim asserted in the motion is conclusory and devoid of "names, dates, places, or other details, even though such details presumably were within his ken," David, 134 F.3d at 278, or are otherwise refuted by the record. Indeed, Anglon states in his motion for leave to file an amended petition that his § 2255 motion is nothing more than a "'Placeholder' motion" and that further details would be forthcoming. As set forth below, Anglon has not provided supporting facts and details for any of the claims asserted in his motion, even though given the chance to do so.

The Court 's review of each of the specific claims set forth in the motion to vacate

---

[4] See also Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)(same as to § 2254 petition); Hodges v. United States, 316 F.Supp.2d 688 (S.D. Ill. 2004) ("A §2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error"), citing Oliver v. United States, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992)(a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible .."); United States. v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (same).

confirms this. As to Anglon's ineffective assistance claims, the first – that his counsel did not adequately advise him in connection with his guilty plea – fails to specify what facts or legal advice he might have received that would have caused him not to plead guilty. Moreover, Anglon admitted at his change of plea hearing that counsel had discussed his plea agreement with him and that he was satisfied with his counsel's advice and representation. See Transcript of Change of Plea Hearing conducted on May 15, 2002 ("Plea Tr.") at 6,11.

Similarly, the claim that his counsel failed to consider any motion to suppress is silent as to what evidence should have been suppressed and why. Anglon's claims of ineffective assistance during the sentencing process likewise provide no clue as to either (1) the evidence to which counsel should have objected in connection with the calculation of his Guideline sentencing range or (2) the grounds on which his counsel should have sought a downward departure.[5] The motion also fails to identify the alleged conflict of interest on the part of his counsel. Given the inability of any of these ineffective assistance claims to stand on its own, those claims have no additional merit when considered cumulatively.[6]

Anglon's claims that in the course of the criminal proceedings he was denied his

---

[5] The record shows that Anglon's counsel actively disputed portions of the Presentence Report at sentencing, including conducting an evidentiary hearing at which Anglon himself testified, on the issues of role enhancement and relevant conduct. See generally Transcript of Sentencing Hearing conducted on August 2, 6 and 8 and September 5, 2002.

[6] A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance "fell below an objective standard of reasonableness"; and

(2) "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The bare-bones allegations in Anglon's motion do not come close to satisfying the first prong of this test, let alone show prejudice.

constitutional rights under the First, Fourth, Fifth, Sixth and Eighth Amendments are similarly empty; they fail to specify what the alleged constitutional violations were or how they occurred. The claim of denial of his constitutional right to notice and jury trial is frivolous, given Anglon's waiver in open Court of his right to trial as part of his guilty plea. See Plea Tr. at 15-16. The Court's review of the record of both the change of plea hearing and the sentencing hearing discloses no constitutional violation warranting relief.

Finally, Anglon's claim under Booker and Apprendi contain no details whatsoever as to what facts decided by the Court increased his sentence. Since this claim likewise fails, there can be no ineffective assistance claim based on counsel's error to raise a Booker issue.[7]

In short, Anglon's motion to vacate constitutes nothing more than an attempt to catalog a list of all possible postconviction claims. Anglon, although given the opportunity to do so, has failed to substantiate any of them. Thus, the motion must be dismissed.

CONCLUSION

In view of the foregoing considerations, the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge
Date:
August 19, 2005

ENTER:

J. Juland
Clerk
Deputy Clerk

[7] Although not necessary to the decision here, the Court notes that Booker in any event is not retroactive to Anglon's case, which became final some eight months before Booker was decided. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005) and cases cited (§ 2255 petitions are unavailable to advance Booker claims in the absence of Supreme Court decision rendering Booker retroactive).